IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| WES A. CURRY, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. SAG-25-01468 |
| | * | |
| SOUTHWEST AIRLINES CO., *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## <u>MEMORANDUM OPINION</u>

Plaintiff Wes A. Curry, Jr. ("Plaintiff"), who is self-represented, filed a Fourth Amended Complaint against his former employer, Southwest Airlines Co. ("Southwest"), this time asserting claims for failure to accommodate a disability under the Americans with Disabilities Act ("ADA") and retaliation pursuant to the Family and Medical Leave Act ("FMLA"). ECF 48. Southwest has filed a motion to dismiss both claims. ECF 49. Plaintiff has opposed the motion, ECF 51, and Southwest filed a reply, ECF 52. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Southwest's motion will be granted in part and denied in part.

### I.      LEGAL STANDARDS

A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.  8(a)(2). The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## II.    FACTUAL BACKGROUND

The following facts are derived from Plaintiff's Fourth Amended Complaint and are assumed to be true for purposes of adjudicating this motion. Plaintiff worked for Southwest as a Ramp Agent at Baltimore/Washington International Thurgood Marshall Airport ("BWI") from June 23, 2015, until October 13, 2023. ECF 48 ¶ 1. Plaintiff suffers from Crohn's disease, anxiety, and depression. *Id.* ¶ 2. In 2017, Plaintiff contacted Southwest's Accommodations Team about mental health issues but ultimately determined that formal accommodation was unnecessary. *Id.* ¶ 11.

At some point, however, Southwest granted Plaintiff FMLA coverage, and he had "annual FMLA certifications supported by medical documentation." *Id.* ¶ 12. In particular, Plaintiff had certified FMLA leave periods in July 2022 and March–May 2023. *Id.* ¶ 14. Nevertheless, "local management continued to treat his medical absences as misconduct and repeatedly issued attendance points and fact-finding meetings." *Id.* ¶¶ 12, 16. Plaintiff's FMLA hours for 2023 were exhausted on May 21, 2023. *Id.* ¶ 15. Because Southwest had mishandled his medical absences, it "escalated Plaintiff to Final Warning" based on absences that should have been coded as FMLA and accused him of "FMLA abuse." *Id.* ¶¶ 16, 25. His "Final Warning status" left him "vulnerable to termination and without any support for his disability-related limitations." *Id.* ¶ 26. He describes "Final Warning status" as "an elevated disciplinary category where any additional medically related absence could result in termination." *Id.* ¶ 27.

Plaintiff worked a double shift spanning September 30–October 1, 2023. *Id.* ¶¶ 33–34. While on duty, Plaintiff experienced a Crohn's flare-up and was unable to make it to his assigned flight on time. *Id.* ¶ 34.  He arrived at the gates after his tasks had been completed by others. *Id.* He remained at the airport, managing his symptoms, informed his supervisor of the flare-up, and

3

completed his next scheduled assignment before leaving. *Id.* However, Southwest's badge-swipe data incorrectly reflected that Plaintiff had left the airport during his shift. *Id.* ¶ 35. Southwest did not conduct a meaningful investigation into the accuracy of the badge-swipe data. *Id.* ¶ 36.

On October 6, 2023, Southwest required Plaintiff to report for work for one hour despite his being sick. *Id.* ¶ 48. His request to be excused without pay was denied. *Id.* Upon his arrival, Southwest issued him a fact-finding notice and administratively suspended him pending investigation of the events of September 30–October 1. *Id.* One week later, again without conducting a meaningful investigation or offering any accommodations, Southwest terminated Plaintiff's employment. *Id.* ¶ 49.

On December 22, 2023, Plaintiff filed an EEOC charge, which reads as follows:

I began my employment at the above-named employer on June 23, 2015, and my most recent position was a Ramp Agent. My immediate Manager was Lauren Clear. The employer was aware of my disability. During my employment, I have had FMLA and reasonable accommodations in place to be able to perform the essential functions of my job. In July 2023 Ms. Clear had a meeting with me and I was placed on a final written warning for attendance because I exceeded the employer's attendance points system. In September 2023, I had a disability related flare-up which caused me to miss a flight. As a result, I was suspended pending a fact-finding meeting. On October 6, 2023, a fact-finding meeting was held and effective September 30, 2023, I was discharged.

The reason given for the discharge was I failed to report to my flight, missed flight and unacceptable behavior. I believe I have been discriminated and retaliated against because of my disability in violation of the Americans with Disabilities Amendments Act of 2008, as amended with respect to discharge

ECF 24-2 at 2–3.

Plaintiff filed the instant lawsuit on May 6, 2025. ECF 1.

### III.    ANALYSIS

#### A.  Southwest's Motion to Dismiss

In this iteration of his complaint, Plaintiff has re-asserted two counts against his former employer: failure to accommodate in violation of the ADA and retaliation in violation of the FMLA. Each count is addressed below.

#### 1.  Failure to Accommodate

As this Court explained when adjudicating the first motion to dismiss, Plaintiff's EEOC charge alleges only that he was discriminated and retaliated against "with respect to discharge." ECF 24-2 at 3. He also expressly asserts that he had "reasonable accommodations in place to be able to perform the essential functions of my job." *Id.* There is no mention, anywhere in his charge, of a failure to provide reasonable accommodation under the ADA.

Plaintiff's Fourth Amended Complaint alleges "Southwest's failure to address Plaintiff's need for flexibility after his FMLA hours were exhausted on May 21, 2023, and its refusal to accommodate his medically-necessary request on October 6, 2023." ECF 48 ¶ 50. But a plaintiff wishing to assert an ADA claim must file a charge of discrimination with the EEOC within 180 days of the discriminatory action. *See* 42 U.S.C. § 2000e-5(e)(1); *see also McCullough v. Branch Banking & Tr. Co.*, 35 F.3d 127, 131 (4th Cir. 1994). Only those claims raised in the charge of discrimination may later be pursued in court. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) ("[T]he factual allegations made in formal litigation must correspond to those set forth in the administrative charge.") Although "EEOC charges often are not completed by lawyers and as such 'must be construed with utmost liberality,' [courts] are not at liberty to read into administrative charges allegations they do not contain." *Balas v. Huntington Ingalls Indus.*, 711 F.3d 401, 408 (4th Cir. 2013) (quoting *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848

F.2d 457, 460 (4th Cir. 1988)) (citations omitted). Because Plaintiff's administrative charge did not mention failure to accommodate a disability on the occasions he now tries to claim, Count II of the Fourth Amended Complaint must be dismissed. It will be dismissed with prejudice as time-barred.[1]

### 2. FMLA retaliation

Plaintiff also alleges that he was retaliated against for his protected activity under the FMLA. The FMLA protects employees from retaliation for exercising their substantive FMLA rights. *Wright v. Sw. Airlines*, 319 F. App'x 232, 233 (4th Cir. 2009). To establish a prima facie case of retaliation under the FMLA, an employee must prove that "(1) she 'engaged in protected activity;' (2) 'an adverse employment action was taken against her;' and (3) 'there was a causal link between the protected activity and the adverse employment action.'" *Id.* (quoting *Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004)); *see Munday v. Waste Mgmt. of N. Am., Inc.*, 126 F.3d 239, 242 (4th Cir. 1997). Plaintiff's Fourth Amended Complaint provides additional detail about his FMLA retaliation claim, which stems from Southwest's issuance of attendance letters and a Final Letter of Warning leading to his termination. ECF 48 ¶¶ 24–40.

---

[1] This Court also agrees with Southwest that Plaintiff has not established that he ever requested an accommodation during the relevant time frame. The burden does not rest with Southwest to recognize a medical issue and initiate the process. *See Kelly v. Town of Abingdon*, 90 F.4th 158, 166–67 (4th Cir. 2024) ("Before an employer is required to accommodate a disabled employee, 'the employee must make an adequate request, thereby putting the employer on notice' . . . that the employee needs a 'special accommodation' for a medical condition.") (first quoting *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 347 (4th Cir. 2013); then quoting *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1049 (10th Cir. 2011)). While he appears to allege that he requested an accommodation during the factfinding meeting on October 6, 2023, ECF 48 ¶ 50, that after-the-fact request is immaterial. *See Neal v. E. Carolina Univ.*, 53 F.4th 130, 153 (4th Cir. 2022) (quoting *Off. of the Senate Sergeant at Arms v. Off. of Senate Fair Emp. Pracs.*, 95 F.3d 1102, 1107 (Fed. Cir. 1996)) (concluding that the ADA "does not require a retroactive accommodation for a disability").

Southwest argues that the "attendance letters" and Final Letter of Warning are not adverse actions, and that Plaintiff's termination is too temporally remote from his FMLA activity in March–May 2023 to be causally related. ECF 49-1 at 12. Liberally construing Plaintiff's complaint, as this Court must in these circumstances, Plaintiff has adequately alleged that the Final Letter of Warning included a threat of future discipline. The Fourth Circuit has decided, albeit in an unpublished opinion, that such circumstances amount to an adverse action in the retaliation context. *See Barnes v. Charles Cnty. Pub. Schs.*, 747 F. App'x 115, 119–20 (4th Cir. 2018) ("We agree with the district court that Barnes' receipt of a letter of warning did amount to an adverse action because Murphy warned Barnes that future disciplinary actions could result in further discipline, including termination."). And that opinion is persuasive as it aligns with the law in other circuits. *See, e.g.*, *Billings v. Town of Grafton*, 515 F.3d 39, 42, 54–55 (1st Cir. 2008) (concluding that a written reprimand including a threat of future discipline amounted to adverse action).

Moreover, Plaintiff has pleaded facts that establish a causal link between his use of FMLA leave and the issuance of the Final Letter of Warning which, he alleges, eventually contributed to his termination by lowering the bar required to justify it.[2] His assertions are that Southwest mischaracterized his FMLA record to issue the Final Letter of Warning just weeks after he exhausted his FMLA leave. Both in terms of the nature of the allegations and the temporal proximity, then, Plaintiff has sufficiently alleged facts establishing a causal link between his exercise of FMLA rights and the adverse action, issuing a Final Letter of Warning that included a threat of future discipline.

---

[2] Of course, Southwest espouses a different view regarding the reasons for Plaintiff's termination. But this Court must take Plaintiff's allegations as true in evaluating a motion to dismiss.

Finally, Southwest argues that the count should be dismissed because Curry pleaded "legitimate, non-retaliatory reasons" for his termination on the face of his Complaint. ECF 49-1 at 13. However, the Complaint expressly includes plausible allegations of pretext because it asserts that the data on which Southwest relied to claim his absence was false and that Southwest ignored other evidence to the contrary when it was presented. ECF 48 ¶¶ 31–39. Under the low bar standard applicable at the motion to dismiss stage, then, this Court will deny Southwest's motion to dismiss Count One.

## IV.    CONCLUSION

For the reasons set forth above, Southwest's Motion to Dismiss, ECF 49, is granted as to the failure to accommodate claim and denied as to the FMLA retaliation claim. A separate Order follows.

Dated: April 6, 2026

_____/s/_____

Stephanie A. Gallagher
United States District Judge